UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MATTHEW KINERSON,

        Plaintiff,

vs.

SPOKANE COUNTY, et al.,

        Defendants.

NO. 2:14-CV-00216-JLQ

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

    BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 59) of the court's Memorandum Opinion and Order (ECF No. 57) which granted Defendant's Motion for Summary Judgment. Plaintiff is represented by Richard Wall. Defendants, represented by Heather Yakely, have filed a Response (ECF No. 60). Plaintiff's Reply brief was due on July 31, 2015, and none was filed. Rather, on July 29, 2015, Plaintiff filed a Notice of Appeal[1] (ECF No. 61).

**I. Discussion**

    Plaintiff brings the Motion pursuant to Fed.R.Civ.P. 59(e) and 60(b) and contends that reconsideration is appropriate because the court committed a clear error of law. (ECF No. 59, p. 2). Rule 59(e) permits a district court to reconsider and amend a previous order, but such is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of*

---

[1] The filing of the Notice of Appeal does not divest the court of jurisdiction. <u>See</u> United Nat. Ins. Co. v. R&D Latex, 242 F.3d 1102, 1109 (9th Cir. 2001)("The notice of appeal in this case did not, however, divest the district court of jurisdiction at the time it was filed because there was then a pending motion for reconsideration" <u>citing</u> Fed.R.App.P. 4(a)(4)(B)(i).).

ORDER - 1

*Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  A motion "should not be granted, absent highly unusual circumstances unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*  A motion to reconsider may not be used to raise arguments or present evidence for the first time which could have reasonably been raised earlier. *Id*.

Plaintiff does not rely on newly discovered evidence, nor does he argue an intervening change in the law.  Rather, Plaintiff argues that the court committed a clear error of law in granting summary judgment when there were disputes of fact.  Plaintiff contends that because Defendants had conceded in a reply brief (a concession that Defendants sought to withdraw at oral argument) that a question of fact existed on the issue of excessive force, summary judgment was improper.  Plaintiff appears to misapprehend that a dispute of fact concerning use of force does not preclude summary judgment on the basis of qualified immunity.

This court cited to the following language from the Supreme Court's opinion in *Saucier v. Katz*, 533 U.S. 194, 202 (2001), in its Order granting summary judgment:

> The approach the Court of Appeals adopted--to deny summary judgment any time a material issue of fact remains on the excessive force claim--could undermine the goal of qualified immunity to avoid "excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment."  If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. (ECF No. 57, p. 8-9).

The court additionally cited to *Luchtel v. Hagemann*, 623 F.3d 975 (9th Cir. 2010) and *LAL v. California*, 746 F.3d 1112 (9th Cir. 2014) as additional cases in which there were disputes of fact, yet summary judgment was granted on the basis of qualified immunity.  The principal argument advanced in Plaintiff's Motion--that the concession concerning a dispute of fact precludes summary judgment on the basis of qualified immunity--is erroneous.

Plaintiff's Motion hyperbolically accuses the court of "making up facts" and "paying lip service" to the appropriate standard of review. (ECF No. 59, p. 5-6).   Plaintiff states that the court ignored that the Computer Aided Dispatch ("CAD") report stated that

ORDER - 2

Plaintiff had a "bad right arm".  The court's Opinion stated that the Deputies were informed that Plaintiff had a medical problem involving nerve pain, but did not have the specifics.  That Plaintiff had a "bad" arm is not a specific, nor is it particularly germane to the analysis.  An individual armed with deadly weapons (both a gun and a knife), and one "bad" arm can still be a threat to the officers.  As this court stated in its Opinion: "Accepting for purposes of this Motion that the officers were informed, or recognized, a disability affecting one arm, that does not mean Kinerson was not a threat." (ECF No. 57, p. 13).

     Plaintiff also states that the court misconstrued the record by stating the gun was found on the front seat of the car rather than in a backpack in the backseat.  Plaintiff claims the "undisputed fact is that the gun was in Mr. Kinerson's backpack in the back seat of his vehicle". (ECF No. 59, p. 7).  The court's Opinion cites Plaintiff's own testimony that when he was told to drop the gun he told officers he did not have a gun. (ECF No. 57,  p. 4).  There is no evidence that prior to the use of force he told the officers his gun was in a backpack in the backseat.   There is minor inconsistency in the record as to exactly where the gun was located.  Deputy Jones' report states that Thurman found it in a holster behind the front passenger seat.  Deputy Thurman's report does not mention it.  Corporal Elliott's report states that after Kinerson was detained, he told the officers the gun was in the "driver's seat area" of the vehicle.  Kinerson's Declaration states that he packed the gun in a backpack and placed it in the backseat when he left his parent's home.  It does not address where the gun was when the officers arrived.  Regardless, this is not a question of fact that precludes summary judgment.  It is undisputed that the gun was somewhere within the passenger compartment of the car, that the officers had been told that Kinerson was armed with a firearm, and that rather than telling the officers where the gun was (prior to the use of force), Kinerson denied having a gun.

     The Motion further argues that the court "blatantly misstates the record" by stating that "**at the moment**" Kinerson reached for his waist with his left arm he was shot with the TASER.  That testimony comes from Kinerson's own Declaration, at paragraph 10,

ORDER - 3

where he states, "I reached down with my left hand and pulled the front of my t-shirt over my head...**at that moment**, I was shot in the chest with the TASER." (ECF No. 22). Whether the TASER was shot at the moment his hand reached his waist, or less than one second later as he lifted his shirt up is immaterial.  It is well-recognized by the courts that officers are often called upon to make "split-second" decisions and that such decisions, when challenged, must be judged from the circumstances then existing, rather than from the basis of hind-sight. *Graham v. Connor,* 490 U.S. 386, 396 (1989).

Plaintiff's Motion also devotes several pages to arguing a theory that was first raised at oral argument--that the officers "rushed in" and could have avoided the use of force by "taking just a few moments" to further investigate. (ECF No. 59, p. 10-12). Plaintiff states they should have done more to determine why he was not complying with the officers' commands.  Not only was this theory not pled, or raised in the briefing, but it is foreclosed by Ninth Circuit precedent.  In *Billington v. Smith*, 292 F.3d 1177, 1188 (9th Cir. 2002), the court stated:

> In *Scott v. Henrich*, we held that even though the officers might have had less intrusive alternatives available to them, and perhaps under departmental guidelines should have developed a tactical plan instead of attempting an immediate seizure, police officers need not avail themselves of the least intrusive means of responding and need only act within that range of conduct we identify as reasonable. We reinforced this point in *Reynolds v. County of San Diego*, which distinguished *Alexander* because the court must allow for the fact that officers are forced to make split second decisions.  We affirmed summary judgment for the defendant police officers despite experts' reports stating--liked the expert report in the case at bar-- that the officers should have called and waited for backup, rather than taking immediate action that lead to deadly combat.

The *Billington* court concluded that a plaintiff could not avoid summary judgment by "simply producing an expert's report that an officer's conduct leading up to a deadly confrontation was imprudent, inappropriate, or even reckless." *Id.* at 1189; see also *George v. Morris*, 736 F.3d 829, 839 n. 14 (9th Cir. 2013)("a plaintiff cannot establish a Fourth Amendment violation based merely on bad tactics that result in a deadly confrontation that could have been avoided").   Here, Kinerson did not offer an expert opinion, but rather counsel only belatedly raised the argument in response to Defendants'

ORDER - 4

Motion for Summary Judgment.

Lastly, Plaintiff devotes the last two-pages of his Motion to arguing that "the court erred by striking" the declarations of Julie Eddy and Tim Donahue. Plaintiff is incorrect. The court **did not** strike the declarations. Page 18 of the Court's Opinion states: "Defendants' Motion to Strike (ECF No. 34) is **DENIED**." (ECF No. 57, p. 18)(emphasis in original). The court did point out that Plaintiff had failed to respond to the Motion to Strike, and that there appeared to be merit in Defendants' argument. However, the court clearly stated: "[I]n the interest of a fair determination of all evidence available to the Plaintiff, the court has exercised its discretion and **DENIES** the Motion to Strike." (ECF No. 57, p. 6)(emphasis in original).

**II. Conclusion**

Plaintiff's Motion does not demonstrate a clear error of law. For the aforesaid reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 59) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 6th day of August, 2015.

                    s/ Justin L. Quackenbush
                    JUSTIN L. QUACKENBUSH
          SENIOR UNITED STATES DISTRICT JUDGE